**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES BATTERSON,

    Plaintiff,

    v.

BRUCE BANNISTER, *et al.*,

    Defendants.

3:07-cv-00142-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

July 29, 2010

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss for failure to prosecute (#74). Plaintiff opposed (#76), and defendants replied (#77). The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss for lack of prosecution (#74) be denied without prejudice.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff James Battterson ("plaintiff") is currently incarcerated at the Peoria Adult Transition Center in the custody of the Illinois Department of Corrections (#74, Ex. D).

On March 30, 2007, plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment, which occurred during his incarceration at Ely State Prison ("ESP") while in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff has named as defendants Bruce Bannister, NDOC Medical Director; Joseph Brackbill, ESP Director of Nursing Services; Ted D'Amico, former NDOC Medical Director; and Boja Lemich, former ESP nurse (collectively "defendants"). *Id.* In short, plaintiff has alleges that defendants were deliberately indifferent by failing to treat plaintiff's chronic pain. *Id.* On August 19, 2008, the District Court adopted this court's Report and Recommendation, which recommended denying defendants' motion for summary judgment (#48).

In October 2008, plaintiff was released from NDOC custody. Upon his release, Illinois police officers enforced a warrant for plaintiff's arrest stemming from an alleged burglary in White County, Illinois. Notwithstanding plaintiff's incarceration and pending charges in Illinois, the parties worked together to submit a proposed joint pretrial order to the court. They ultimately did so on January 16, 2009 (#63). On February 5, 2009, the District Court issued the following order:

> [T]he Court will defer approval of the Joint Pretrial Order (Doc. #63) until the state court charges in Illinois have been disposed of. After disposition of the Illinois matter, this Court will refer this case to the magistrate judge to conduct a settlement conference.

(#64). The District Court also ordered defendants to submit periodic status reports on the disposition of plaintiff's charges.

On March 17, 2009, defendants informed the District Court that plaintiff continued to await trial on the criminal charges (#65). At that time, defendants recommended that the District Court stay proceedings pending the outcome of the trial. They also noted that, should plaintiff be incarcerated as a result of the charges, they would move to dismiss the case for failure to bring the action to trial. *Id.*

On May 11, 2009, defendants informed the District Court that plaintiff accepted a plea bargain whereby he would be incarcerated for a period of six years. Plaintiff represented that prison authorities would likely release him from custody in May 2011. One month later, defendants informed the District Court that, according the Illinois Department of Corrections's website, plaintiff's projected parole date is October 30, 2011 and his projected parole discharge date is October 30, 2013. Plaintiff represents that he anticipates release on April 30, 2011.

After informing the District Court of plaintiff's expected dates of release, defendants brought the instant motion.

## II. DISCUSSION & ANALYSIS

**A.    Discussion**

    **1.    Fed. R. Civ. P. 41**

Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Pursuant

to Fed. R. Civ. P. 41(b), plaintiffs must prosecute their claims with "reasonable diligence" in order to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976). A district court must consider the following factors when ruling on an involuntary dismissal motion: (1) the court's need to manage its docket; (2) the public interest in expeditious resolution of litigation; (3) the risk of prejudice to defendants from the delay; (4) the policy favoring the disposition of cases on their merits; and (5) the availability of lesser sanctions. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999).

However, "prisoner status alone does not justify automatic dismissal for inability to prosecute." *Hernandez v. Whiting*, 881 F.2d 768, 770 n.2 (9th Cir. 1989) (citing *Collins v. Pitchess*, 641 F.2d 740, 741 (9th Cir. 1981)). Before dismissing a prisoner's *pro se* action for failure to appear due to incarceration, the trial court must investigate reasonable alternatives to such a severe sanction. *Id.* at 771. As noted in *Hernandez*, reasonable alternatives include:

> a bench trial in the prison, should the parties waive a jury; trial by depositions, despite this approach's weakness on credibility issues; postponement of trial until the prisoner's release, if scheduled to occur within a reasonable time; and compelling the prisoner's presence through an ad testificandum writ.

*Id.* (citing *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir. 1978)).

Technological advances have also increased the district court's alternatives as well. Telephone and videoconferencing are recognized methods of conducting pretrial litigation. *See* 42 U.S.C. § 1997e(f) (stating that "to the extent practicable . . . pretrial proceedings in which the prisoner's participation is required or permitted shall be conducted by telephone, video conference, or other telecommunications technology without removing the prisoner from the facility in which the prisoner is confined"); *Moss v. Gomez*, 162 F.3d 1169 (9th Cir. 1998) (unpublished disposition) (suggesting trial by deposition or videoconferencing as reasonable alternatives).[1]

### 2. Local Rule 41-1

Local Rule 41-1 provides in pertinent part as follows: "All civil actions that have been pending in this court for more than nine (9) months without any proceeding of record having been

---

[1] This case is cited merely for its related facts in accordance with Ninth Circuit Rule 36-3(c)(ii).

3

1  taken may, after notice, be dismissed for want of prosecution on motion of counsel or by the court."

2  **B.    Analysis**

3  Defendants move for dismissal of plaintiff's action for failure to prosecute pursuant to Fed.
4  R. Civ. P. 41(b) and LR 41-1.  Plaintiff argues that he has not failed to prosecute the action, and he
5  refers to the District Court's February 5, 2009 order which stayed the proceedings until the
6  disposition of plaintiff's criminal charges in Illinois.  *See* #64.  The court agrees with plaintiff's
7  position.

8      **1.    Fed. R. Civ. P. 41(b)**

9  The failure of this case to move forward has not been the result of plaintiff's inaction.  The
10 District Court issued an order which deferred any action in the case until the "disposition of the
11 Illinois matter" (#64).  Plaintiff appears to suggest that, pursuant to the order, the District Court
12 should await his expected release from prison in Illinois and set a trial date between November 2011
13 and March 2012 (#76).  The court does not believe that prolonging the case until plaintiff's release
14 serves the best interest of the parties or the District Court.  Plaintiff's incarceration alone should not
15 suffice to stay proceedings for over a year.  However, the court need not currently decide this matter.
16 Should trial be necessary and plaintiff be unable to proceed due to his incarceration, the District
17 Court will then be required to examine the reasonable alternatives to plaintiff's presence at trial.

18     **2.    Local Rule 41-1**

19 The local rules also provide that the court with discretion to dismiss any pending action
20 which has not had any proceeding of record in that last nine months.  LR 41-1.  However, the local
21 rules also note that "the court may *sua sponte* or on motion change, dispense with, or waive any of
22 these rules if the interests of justice require."  LR IA 3-1.  As discussed above, the delay in
23 proceedings in this manner has not resulted from plaintiff's lack of diligence.  Therefore, the court
24 finds that enforcement of this rule against plaintiff at this time would be contrary to the interests of
25 justice.

26 In sum, the court recommends that defendants' motion to dismiss for lack of prosecution be
27 denied without prejudice.

28

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's action should not be dismissed for failure to prosecute.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen (14) days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#74) be **DENIED** without prejudice;

**IT IS FURTHER RECOMMENDED** that the District Court set the matter for trial;

**IT IS FURTHER RECOMMENDED** that the District Court order the parties to attend a settlement conference.

**DATED**: July 29, 2010.

_Valerie P. Cooke_
**UNITED STATES MAGISTRATE JUDGE**